IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTEL SPECTRUM ACQUISITION CORP., <br><br> Plaintiff, <br><br> vs. <br><br> HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC., <br><br> Defendant. | Civil Action No. 1:07-CV-00543-RMC <br><br> Judge Rosemary M. Collyer <br><br> ORAL ARGUMENT REQUESTED |

**DEFENDANT HITN'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

The motion brought by plaintiff Nextel Acquisition Corporation for leave to file a First Amended Complaint should be denied because the amendment would be futile. Nextel's motion for leave to amend is a recognition of the inherent weakness in its cause of action for breach of the Airtime Royalty Agreement ("ARA") between Nextel and HITN. Nextel does not change its cause of action in the proposed First Amended Complaint; rather, Nextel seeks to pepper the complaint with superfluous assertions regarding various other contracts, none of which relate to the Washington D Channels at issue here. Each one of the new agreements referenced by Nextel in its proposed First Amended Complaint was publicly disclosed and known to Nextel well before it filed the initial complaint in this case. As demonstrated below, these new assertions do not save Nextel's cause of action for breach of the ARA and, therefore, the motion should be denied.

**ARGUMENT**

The decision to grant leave under Fed. R. Civ. P. 15 is discretionary. *See Banks v. York*, 448 F. Supp. 2d 213, 214 (D.D.C. 2006). Although leave should be freely granted, it should be denied when the new claim proposed in the supplemental pleading is futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend under Rule 15(a) may be denied if amendment would be futile); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 2007) (same). "A proposed claim is futile if the claim would not survive a motion to dismiss", *see Buaiz v. U.S.*, No. 06-1313, 2007 WL 666468, at *1 (D.D.C. March 5, 2007) (Collyer, J.) (citing *Howard v. Evans*, 193 F. Supp. 2d 221, 226 n.2 (D.D.C. 2002), and it merely "restates the same facts as the original complaint in different terms." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (*quoting* 3 MOORE'S FEDERAL PRACTICE § 15.15 [3] (3d ed. 2000)); *Willoughby*, 100 F.3d at 1003 (affirming district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

Nextel's initial complaint contains one cause of action for breach of contract, alleging that HITN has breached the ARA by failing to provide written notice of "Clearwire's offer" to lease the Washington D Channels and by failing to provide Nextel with its Right of First Refusal to match this alleged offer. *See* Compl. ¶¶ 32-36. Nextel's proposed First Amended Complaint presents the identical cause of action. *See* Proposed First Am. Compl. ¶¶ 68-74.

Indeed, aside from minor alterations in the titles given to the contracts and Washington D Channels at issue, the proposed First Amended Complaint is no different from the initial complaint in this case except for two new sub-sections within the "Facts" section titled "B. HITN's Prior Disregard for Spectrum Lease Rights" and "C. Vast Reach of the Clearwire-HITN Et al. Relationship". *See* Proposed First Am. Compl. ¶¶ 15-34.

The first new subsection alleges that for years HITN has "exhibited a flagrant contempt and disregard for" the contractual rights of Nextel's "affiliates." *Id.* at ¶ 15. The paragraphs that follow detail a contractual relationship not between HITN and Nextel, the plaintiff, but between HITN and a different entity, Speedchoice (which allegedly is also a wholly owned subsidiary of Sprint Nextel). These paragraphs describe how there was a disagreement over whether Speedchoice had defaulted under a certain agreement and how in 2005 there was an arbitration to settle a dispute regarding one lease thereunder. *See id.* at ¶¶ 16-21.

The second new subsection describes various agreements that allegedly connect HITN and Clearwire. Although Nextel did not file its initial complaint until February 21, 2007, it admits that it has known about each one of these new agreements since January 2007 when they were filed in Clearwire's S-1 filing, along with the MRUA. *See id.* at ¶ 22 n.1. The new agreements now cited by Nextel include *inter alia* (i) a contract that "designates HITN to act as Clearwire's agent when an EBS license becomes available for purchase," *id.* at ¶ 24; (ii) contracts that grant entities "ITFS Spectrum Advisors LLC" and "ITFS Spectrum Consultants LLC" warrants to purchase shares of Clearwire stock if those entities introduce Clearwire to a situation that results in Clearwire's lease of EBS or BRS channels, *id.* at ¶¶ 25, 29; (iii) a contract that, as Nextel admits, is now terminated that provided "HITN, and certain other shareholders" with investor protections and other rights, *id.* at ¶ 27; (iv) a contract that provides Clearwire with the option to lease HITN's excess capacity on pending new EBS station applications HITN filed at the FCC, *id.* at ¶ 28; and (v) a contract whereby Clearwire agreed to loan HITN the money to acquire additional spectrum in exchange for the right to lease the excess spectrum on those new licenses and a "blanket security interest" in all of HITN's assets should HITN default on the loan. *See id.* at ¶¶ 30-34.

Nextel asserts that these agreements are "particularly relevant given the express contractual provision" in the ARA, "to refrain from entering into lease agreements containing 'terms or conditions that have the purpose or the effect of preventing [Nextel] from exercising its Right of First Refusal.'" Mot. at 2 (emphasis omitted). The full language of the contractual provision referred to by Nextel in fact reads as follows:

> [HITN] shall not accept any *offer to lease* excess capacity [on the Washington D Channels spectrum] that includes terms or conditions that have the purpose or the effect of preventing [Nextel] from exercising its Right of First Refusal.

ARA, § I.C.3 (emphasis added).

Nextel's paraphrasing of this provision attempts to conceal the fatal flaw in its motion for leave to amend: These new agreements are irrelevant and cannot "advance" Nextel's claim for breach of the ARA because Nextel does not and cannot allege that *any* of these additional agreements is an "offer to lease" the Washington D Channels covered by the Right of First Refusal in the ARA. Simply put, the only right relevant in this case is Nextel's now expired Right of First Refusal in the ARA, and the only agreement that could even arguably touch on that is the MRUA.[1] Nextel's belated attempt now to add these agreements -- which were well known to Nextel prior to its filing of the initial complaint -- is a desperate ploy to save its cause of action. But the gravamen of Nextel's breach of contract claim remains whether HITN breached the ARA by entering into the MRUA. This is a straightforward issue of contract construction, and nothing in the proposed First Amended Complaint changes that. Likewise, nothing in the proposed First Amended Complaint changes, or can change, the express language of the ARA

---

[1] The complete, unredacted version of the MRUA has been filed in this case in connection with HITN's motion to dismiss. Thus, Nextel's assertion in the proposed First Amended Complaint that "large portions of the MRUA" remain redacted and that it has "incomplete information", Proposed First Am. Compl. ¶¶ 40, 73, is false.

and the MRUA that is both unambiguous and fatal to Nextel's claim. Thus, because Nextel fails to state a claim under Rule 12(b)(6) for all the reasons stated in HITN's Motion to Dismiss and the accompanying Memorandum and Reply in support thereof, any amendment would be futile and should be denied.

## CONCLUSION

For the foregoing reasons, HITN respectively requests that this Court deny Nextel's motion for leave to file its proposed First Amended Complaint.

Dated: April 16, 2007

Respectfully submitted,

/s/ Eunnice H. Eun
Eunnice H. Eun (DC Bar #500203)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

William H. Pratt
Joseph Serino, Jr.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Rudolph J. Geist (DC Bar # 461064)
RJGLAW LLC
1010 Wayne Avenue, Suite 950
Silver Spring, MD 20910
Telephone:  (301) 589-2999
Facsimile:  (301) 589-2644

*Attorneys for Defendant Hispanic Information and Telecommunications Network, Inc.*