UPIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTEL SPECTRUM ACQUISITION CORP., <br><br> Plaintiff, <br><br> vs. <br><br> HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC., <br><br> Defendant. | ) ) ) ) ) ) Civil Action No. 1:07-CV-00543-RMC ) ) Judge Rosemary M. Collyer ) ) ) ) ) ) ) |

**DEFENDANT HITN'S MOTION TO STAY CERTAIN DISCOVERY
PENDING JUDGMENT ON ITS MOTION TO DISMISS**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Hispanic Information and Telecommunications Network, Inc. ("HITN") hereby moves this Court to enter a stay of document and deposition discovery pending resolution of HITN's Motion to Dismiss in this case. A stay is particularly appropriate here because HITN's Motion to Dismiss, based on a matter of straightforward contract interpretation, if granted, would dispose of this case in its entirety. That motion is fully briefed and HITN awaits the Court's response to its Request for Oral Argument which was filed on May 17, 2007. Through its counsel, HITN has already complied with its obligations to meet and confer with plaintiff Nextel Spectrum Acquisition Corp. ("Nextel") regarding a discovery plan pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and the parties filed their joint Rule 16.3 Report on June 12, 2007. During the pendency of its Motion to Dismiss, HITN will provide to Nextel the Initial Disclosures outlined in Rule 26(a)(1). HITN believes, however, that the tremendous time and expense involved in further discovery, including document production and depositions, at this stage of

this case would cause undue burden, and therefore asks this Court to enter a stay while its Motion to Dismiss is pending.

## **ARGUMENT**

"[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). HITN's Motion to Dismiss and Memorandum in Support thereof detail how Nextel has failed, under Rule 12(b)(6), to state a claim for breach of contract, the sole count in Nextel's complaint and HITN seeks dismissal with prejudice. As noted in HITN's briefs, Nextel does not assert that the terms of the contracts at issue in this case, the Master Royalty and Use Agreement ("MRUA") and the Airtime Royalty Agreement ("ARA"), are ambiguous. Thus, the contractual issues in dispute present a pure question of law, to be determined within the four corners of each instrument, the disposition of which is particularly appropriate in a Rule 12(b)(6) motion. *See Appalachian Power Co. v. Fed. Power Comm'n*, 529 F.2d 342, 351 (D.C. Cir. 1976).

Given that HITN's motion is based on a pure question of law, Nextel has not claimed a need, nor can it, for deposition and document discovery in order to defend against HITN's Motion to Dismiss. And Nextel did not oppose HITN's request for oral argument, which included HITN's request to stand on its initial briefing for its Motion to Dismiss despite Nextel's filing of its First Amended Complaint. Thus Nextel has implicitly acknowledged that discovery is unnecessary to defend against HITN's Motion to Dismiss. *See Chavous*, 201 F.R.D. at 3 (granting discovery stay pending motion to dismiss because, *inter alia*, "plaintiffs [had] never suggested that they need[ed] the discovery . . . in order to oppose the pending motion to dismiss.").

For this reason, therefore, Nextel will not be prejudiced by a temporary stay of document and deposition discovery while HITN's Motion to Dismiss is pending.  In determining whether a stay of discovery should be granted, a court "inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery." *Chavous*, 201 F.R.D. at 3 (internal quotations omitted); *see also Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, Civ. A. No. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (granting discovery stay while motion to dismiss was pending because case was in its early stages, no prejudice had been alleged, and stay would only be for a "limited period of time.").  Simply put, a temporary stay of full-fledged discovery will not harm Nextel but will prevent undue prejudice to HITN, a non-profit organization, should it be forced to shoulder the enormous time and expense of gathering documents and preparing for depositions, while its fully-dispositive Motion to Dismiss is pending.

## CONCLUSION

For the foregoing reasons, HITN respectfully asks the Court to enter the attached Proposed Order issuing a stay of discovery pending resolution of HITN's Motion to Dismiss.

Dated: June 15, 2007

Respectfully submitted,

*[signature]*

Eunnice H. Eun (DC Bar #500203)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200

William H. Pratt
Joseph Serino, Jr.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Rudolph J. Geist (DC Bar # 461064)
RJGLAW LLC
1010 Wayne Avenue, Suite 950
Silver Spring, MD 20910
Telephone:  (301) 589-2999
Facsimile:   (301) 589-2644

*Attorneys for Defendant Hispanic Information and Telecommunications Network, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTEL SPECTRUM ACQUISITION CORP., | )<br>)<br>) Civil Action No. 1:07-CV-00543-RMC |
| Plaintiff, | )<br>) Judge Rosemary M. Collyer |
| vs. | )<br>) |
| HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC., | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## [PROPOSED] ORDER ON DEFENDANT'S MOTION TO STAY CERTAIN DISCOVERY PENDING JUDGMENT ON ITS MOTION TO DISMISS

Upon consideration of Defendant HITN's Motion to Stay Certain Discovery Pending Judgment On Its Motion to Dismiss, and having duly considered the arguments of all parties concerned, it is hereby ORDERED that the Motion to Stay is GRANTED such that depositions and the exchange of documents or information, other than Rule 26(a)(1) disclosures, are hereby stayed pending judgment on HITN's Motion to Dismiss.

.

So Ordered this _____ day of _____, 2007.

_____
U.S. District Judge Rosemary M. Collyer