
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTEL SPECTRUM ACQUISITION CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK,<br><br>    Defendant. | Civil Action No.: 1:07-CV-00543-RMC |

**PLAINTIFF NEXTEL SPECTRUM ACQUISITION CORP.'S OPPOSITION TO DEFENDANT HITN'S MOTION TO STAY DISCOVERY**

Plaintiff Nextel Spectrum Acquisition Corp. ("NAC") submits its Opposition to Defendant Hispanic Information and Telecommunications Network's ("HITN") Motion to Stay Certain Discovery Pending Judgment on its Motion to Dismiss. This case involves NAC's bargained-for contractual right to lease valuable spectrum in and around Washington, DC. NAC and HITN are parties to a contract that that provides NAC with a valid right of first refusal ("ROFR") on any bona fide offers that HITN receives for the underlying assets. In violation of the ROFR, HITN committed the assets to Clearwire Corporation ("Clearwire") without informing NAC of the third party offer, much less affording NAC its contractual right to match that offer.

On March 26, 2007, HITN filed a Motion to Dismiss pursuant to Rule 12(b)(6) (ECF Doc. # 3). HITN argues that this case should be dismissed because a single self-serving sentence in a third party agreement allegedly insulates it from suit. NAC challenged HITN's procedurally and substantively flawed argument and also filed a First Amended Complaint on

May 14, 2007 (ECF Doc # 9). The First Amended Complaint alleges additional facts that negate HITN's Motion to Dismiss. Rather than answer or otherwise respond to NAC's First Amended Complaint, HITN asks this Court to stay discovery until the Court rules on its meaningless Motion to Dismiss.

HITN's present Motion to Stay Discovery should be denied for a number of reasons. First, HITN falls well short of meeting the clearly articulated standard for a protective order under Fed. R. Civ. P. 26(c). In this jurisdiction, the movant must do more than simply claim some unspecific "undue prejudice." Yet, that is all that HITN has alleged. Second, HITN asks this Court to stay discovery pending a ruling on HITN's Motion to Dismiss the <u>original</u> Complaint. The First Amended Complaint supersedes the original Complaint and sets forth additional factual allegations that render HITN's Motion to Dismiss moot. Under these circumstances, there is no reason to stay this litigation and the Motion to Stay Discovery and the Motion to Dismiss should be denied.

## **ARGUMENT**

A motion to stay discovery may be granted pursuant to Fed. R. Civ. P. 26(c), "for good cause shown ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." However, "[s]uch motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." <u>Feldman v. Flood</u>, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation and internal quotations omitted).

**A.    HITN has not met its burden for a Rule 26 Protective Order.**

The showing of good cause to support the issuance of a stay places the burden

2

upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. Jones v. Circle K Stores, Inc., 185 F.R.D. 223, 1999 U.S. Dist. LEXIS 11305 (D. N.C., January 25, 1999); see also United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); 8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Fed. Prac. & Proc. § 2035, at 483-86 (2d ed. 1994). "Bare assertions that discovery will be unduly burdensome ... are insufficient to justify an order staying discovery generally." Continental Illinois Bank & Trust Co. v. Caton, 130 F.R.D. 145, 148 (D. Kan. 1990). Good cause is not established merely by showing that discovery may involve inconvenience and expense. Campbell v. United States Dep't of Justice, 231 F. Supp.2d 1, 7 (D. D.C. 2002). Since such a motion limits the liberal discovery rules, "good cause" is only established when the movant demonstrates that disclosure would cause a clearly defined and serious injury. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). A district court may not grant a protective order without a showing of good cause. EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1411 (D.C. Cir. 1996). Furthermore, if a court were to issue the protective order, the court must articulate specific facts justifying a protective order since that is imperative to ensure adequate appellate review. See Nat'l Children's Ctr., 98 F.3d at 1411.

      HITN ignores this standard and its sole support for the issuance of a stay pursuant to Rule 26 is to "prevent undue prejudice to HITN, a non-profit organization, …" See Motion at 2. Given the fact that HITN recently received tens of millions of dollars from the Clearwire initial public offering and has engaged an established New York law firm to defend it in this lawsuit, participating in reasonable discovery hardly seems to present "undue prejudice." Even so, HITN bears the burden to establish the absolute necessity of a protective order pursuant to

Rule 26. It has not done so and the Motion should be denied.

**B.     HITN's Motion to Dismiss is now meaningless and there is no reason to stay discovery.**

HITN asks this Court to stay discovery because the Court has not ruled on its now meaningless Motion to Dismiss. In Feldman, the court stated:

> In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. <u>It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted</u>.

Id. at 652 (emphasis added). A peek at HITN's Motion to Dismiss indicates that neither it nor the Motion to Stay Discovery should be granted.

HITN's Motion to Stay rests on the supposition that its Motion to Dismiss is still legitimately pending before this Court. It is not. Subsequent to the Motion to Dismiss, NAC filed its First Amended Complaint which displaces the original Complaint. See Jones v. Bernanke, __ F. Supp. 2d __, 2007 WL 1662330, at *2 n.3 (D.D.C. June 11, 2007) (quoting Bancoult v. McNamara, 214 F.R.D. 5, 13, (D.D.C. 2003). In Adams v. Quattlebaum, 219 F.R.D. 195 (D.D.C. 2004), the plaintiff filed an amended complaint after the defendant filed a motion to dismiss. The Court denied the motion to dismiss the superseded complaint and explained as follows:

> Because that motion pertains to the original and now-superseded complaint, the court denies it without prejudice. Bancoult, 214 F.R.D. at 13 ("denying without prejudice all pending motions pertaining to the original complaint"); see also Turner v. Knight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot the motions to dismiss on the basis that the amended complaint supersedes the original complaint). This result, however, does not preclude the defendant from filing a motion to dismiss the amended complaint if the defendant so desires.

<u>Id</u>. at 197. The result here is no different. The Court should either enter a default judgment against HITN for failure to respond to the First Amended Complaint or simply deny the Motion to Dismiss. Either way, there is no reason to stay discovery.

Indeed, NAC's First Amended Complaint sets forth in greater detail the relationship between HITN and Clearwire and includes additional factual allegations supporting NAC's breach of contract claim. Specifically, NAC has identified a clear pattern of conduct and course of dealing by HITN designed to circumvent NAC's contract rights.

HITN, on the other hand, argues that no discovery is necessary and that the Court should rule on its Motion to Dismiss because a single self-serving sentence in a Clearwire/HITN contract completely insulates it from suit. Not so. Contrary to HITN's Motion to Stay Discovery, the issues in dispute do not "present a pure question of law, to be determined within the four corners of the each instrument …" The allegations in the First Amended Complaint, which must be accepted as true for the purposes of a HITN's Rule 12(b)(6) Motion, alleges a series of agreements and/or financial arrangements between HITN and Clearwire that are designed to circumvent NAC's ROFR. HITN has not addressed these additional facts and the Motion to Dismiss and the Motion to Stay Discovery should be denied.

**C.**     **<u>Discovery is required to respond to HITN's Motion to Dismiss</u>**.

Moreover, even if the Motion to Dismiss is not moot, discovery is required to address the issues raised therein. <u>See</u> <u>Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.</u>, 201 F.R.D. 1, 3 (D.D.C. 2001) (explaining "trial court 'ordinarily should not stay discovery which is necessary to gather facts in order to defend against [a] motion [to dismiss]'"). HITN claims that NAC has "implicitly acknowledged that discovery is unnecessary to defend against HITN's Motion to Dismiss." Nothing could be further from the truth. Indeed, NAC

cannot uncover the full extent of the HITN's actions in breach of its contract without discovery. See First Amended Complaint at 6 n.1 ("Certain HITN-Clearwire agreements are discussed in detail *infra* and are collectively referred to as the 'Clearwire Agreements.' The subsequently described agreements were recently obtained by NAC, many in redacted format, from Clearwire's January 2007 Form S-1 filing. In prior disputes between NAC and HITN, HITN has refused to produce documents detailing the HITN-Clearwire relationship. NAC has no way of confirming that the described agreements constitute all relevant agreements between HITN and Clearwire"). If discovery were stayed every time a defendant filed a Rule 12(b)(6) motion to dismiss, the judicial system would grind to a halt. NAC should not be prevented from proceeding with its case simply because HITN wants to force the Court to rule on its now meaningless Motion to Dismiss. The Motion to Stay Discovery should be denied and this litigation should move forward without further delay.

## CONCLUSION

HITN's Motion to Stay is based solely upon the alleged pendency of its Motion to Dismiss, which pertains to the original and now-superseded Complaint. NAC requests this Court to enter the attached Proposed Order denying both HITN's Motion to Stay Discovery and its Motion to Dismiss.

                                              Respectfully submitted,

                                              **BRYAN CAVE LLP**

                                              /s/ Rodney F. Page
                                              Rodney F. Page (D.C. Bar #37994)
                                              700 Thirteenth Street, N.W.
                                              Suite 700
                                              Washington, D.C.  20005-3960
                                              Telephone:  (202) 508-6000
                                              Facsimile:  (202) 508-6200

        Craig S. O'Dear
        Robert J. Hoffman
        James D. Lawrence
        3500 One Kansas City Place
        1200 Main Street
        Kansas City, Missouri 64105
        Telephone: (816) 374-3200
        Facsimile: (816) 374-3300

        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of Plaintiff's Opposition to Defendant's Motion to Stay Discovery was sent, via U.S. First Class Mail, this 29th day of June, 2007 to:


Eunnice H. Eun
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Phone: (202) 879-5000
Fax: (202) 879-5200

William H. Pratt
Joseph Serino, Jr.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
Phone: (212) 446-4800
Fax: (212) 446-4900

Rudolph J. Geist
RJGLaw LLC
1010 Wayne Avenue, Suite 950
Silver Spring, MD 20910
Phone: (301) 589-2999
Fax: (301) 589-2644

Attorneys for Defendant


             _/s/ Rodney F. Page_____
             An Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTEL SPECTRUM ACQUISITION CORPORATION, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:07-CV-00543-RMC |
| HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, | Judge Rosemary M. Collyer |
| Defendant. | |

**[PROPOSED] ORDER ON DEFENDANT HITN'S MOTION TO STAY CERTAIN DISCOVERY PENDING JUDGMENT ON ITS MOTION TO DISMISS**

Upon consideration of Defendant HITN's Motion to Stay Certain Discovery Pending Judgment on Its Motion to Dismiss, and having duly considered the arguments of all parties concerned, it is hereby ORDERED that the Motion to Stay is DENIED.

FURTHERMORE, Defendant HITN's Motion to Dismiss the Original Complaint is DENIED.

So Ordered this _____ day of _____, 2007.

_____
U.S. District Judge Rosemary M. Collyer