**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NEXTEL SPECTRUM ACQUISITION CORP., <br><br> Plaintiff, <br><br> vs. <br><br> HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:07-CV-00543-RMC <br> ) <br> ) Judge Rosemary M. Collyer <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT HITN'S REPLY IN SUPPORT OF ITS MOTION TO STAY CERTAIN
DISCOVERY PENDING JUDGMENT ON ITS MOTION TO DISMISS**

Rather than confront the case law and efficiencies that plainly support HITN's motion for a limited, temporary stay of discovery, Nextel's opposition papers raise three arguments, none of which has merit. <u>First</u>, Nextel argues that HITN's pending Motion to Dismiss is moot, or that HITN should be defaulted for failing to respond to Nextel's First Amended Complaint. This argument ignores the fact that the procedure followed by HITN in this instance was ordered by this Court, was brought on motion by HITN, and was unopposed by Nextel.

<u>Second</u>, Nextel argues that it needs discovery to oppose HITN's Motion to Dismiss. This argument fails for a variety of reasons. Among other things, if there was ever a time to make this argument, it was in opposition to the Motion to Dismiss, not in opposition to a motion to stay discovery. Moreover, such an argument at the motion to dismiss stage is improper. Given that the Motion to Dismiss does not rely on any matters outside of the First Amended Complaint, Nextel's argument that it needs discovery in order to oppose the motion is, in essence, an

acknowledgement that Nextel has failed to state a claim upon which relief can be granted. A party is not entitled to discovery *before* being put to its Rule 12(b)(6) pleading burden.

Third, Nextel argues, in conclusory fashion, that HITN has not shown "good cause" for the relief sought. That is not true. HITN has demonstrated that its Motion to Dismiss is case-dispositive, likely to succeed, and straightforward, such that disposition should not take long. HITN also has exhibited a willingness to move this case forward, having complied with all discovery obligations through the Rule 26(a)(1) exchange. HITN seeks only a brief reprieve from the time and expense associated with more fulsome discovery until this Court can rule on the well-taken Motion to Dismiss. No prejudice will come to Nextel in that event.

## ARGUMENT

### I. Nextel's Mootness And Default Arguments Are Meritless.

Nextel's argument that a stay is not warranted because HITN's Motion to Dismiss is no longer "legitimately pending" and this Court should enter default against HITN for failing to respond to Nextel's First Amended Complaint ignores the record and the law. (Opp'n at 4)

To begin with, the specific procedure followed here by HITN was directed and approved by the Court and unopposed by Nextel. After HITN's Motion to Dismiss was fully briefed and Nextel had filed its First Amended Complaint, HITN sought guidance from the Court as to its desire to have oral argument and to stand on the original Motion to Dismiss briefing with respect to the First Amended Complaint. HITN chose this route because it was confident that nothing about the slightly-revised First Amended Complaint could cure the defect in Nextel's case: Nextel's claim that the MRUA between HITN and Clearwire is a lease for Washington, D.C. spectrum and, therefore, breaches Nextel's right of first refusal under the ARA is wrong as a matter of law and incurable.

On May 16, 2007, HITN was directed by the Court's clerk to submit its request in motion form. As directed, on May 17, 2007, HITN filed, and served through the ECF system, its Request for Oral Argument On Its Motion to Dismiss. HITN's motion asked the Court "to set a date and time for oral argument" and expressly informed the Court that HITN "stands on the papers in support of its now fully-briefed Motion to Dismiss with respect to the First Amended Complaint." (ECF Docket # 10) Nextel did *not* oppose this motion.

Nextel went beyond failing to oppose HITN's motion to apply the initial Motion to Dismiss briefing to the First Amended Complaint. Indeed, in its Opposition to the Motion to Dismiss (ECF Docket # 5), which was filed simultaneously with its motion for leave to file the First Amended Complaint on April 6, 2007, Nextel acknowledged that the Court might evaluate the Motion to Dismiss with respect to either the original Complaint or the First Amended Complaint. (MTD Opp'n at 2 ("Whether the Court is evaluating the Complaint or the First Amended Complaint…"); at 12 ("whether the Court evaluates the motion on the basis of the Complaint or the First Amended Complaint…"). In short, Nextel's argument that HITN's Motion to Dismiss is moot, or HITN should be defaulted, ignores the prior directions of the Court and contradicts Nextel's previous conduct and statements before this Court.

Nextel fares no better on its legal argument, as its reliance on *Adams v. Quattlebaum*, 219 F.R.D. 195 (D.D.C. 2004) is misplaced. (Opp'n at 4-5) In *Adams*, the plaintiff filed an amended complaint, as a matter of right, after the defendant had moved to dismiss. The court denied the defendant's motion to dismiss "without prejudice" because the "the amended complaint supersedes the original complaint," but expressly noted that its ruling "[did] not preclude the defendant from filing a motion to dismiss the amended complaint if the defendant so desires." *Id.* at 197. Here, through the motion procedure set forth above, HITN made clear its desire to

move to dismiss the amended complaint and to stand on its initial motion papers. Nextel chose not to oppose that motion.

## II. Nextel's Belated Assertion That Discovery Is Necessary To Defend Against HITN's Motion To Dismiss Should Be Rejected.

Nextel's new assertion that it needs discovery into the "Clearwire Agreements" in order to defend against HITN's Motion to Dismiss is factually misleading and procedurally improper for a number of reasons.

First, Nextel has already filed an opposition to HITN's Motion to Dismiss and never raised this argument. The only thing that has happened since then is that Nextel filed a First Amended Complaint. HITN's argument and motion papers have not changed. Nextel cannot credibly claim that it needs discovery because it changed the allegations in its own complaint.

Second, when HITN moved to stand on the initial briefing for the Motion to Dismiss -- the briefing in which Nextel failed to argue that it needed discovery to oppose -- Nextel did not object. Thus, Nextel has waived this argument to the extent it ever existed.

Third, in addition to being waived, Nextel's argument is factually incorrect. The differences between the Complaint and the First Amended Complaint are minor and trivial. Both pleadings assert just one claim for relief, and the thrust of that claim remains that the MRUA constitutes a breach of the ARA. The First Amended Complaint adds a few factual allegations about a contractual relationship between HITN and Speedchoice (which, like Nextel, is a wholly owned subsidiary of Sprint Nextel) and about additional contractual relationships between HITN and Clearwire. *See id.* at ¶¶ 16-21. These are the only new allegations and they are for atmospherics only. Indeed, the First Amended Complaint does ***not*** allege that any of these additional relationships triggered Nextel's Right of First Refusal and thereby breached the ARA.

4

And Nextel does not argue that it needs discovery into any of these relationships to determine whether HITN breached the ARA.[1]

Fourth, and finally, Nextel's argument that it needs discovery to oppose HITN's Motion to Dismiss is tantamount to an admission that Nextel has not properly stated a claim for relief. This is *not* a case where the party seeking to dismiss has relied on matters outside of the pleadings. To the contrary, both the Complaint and the First Amended Complaint make multiple references to, and even attach and incorporate copies of, the ARA and MRUA. HITN's argument for dismissal is simply that the interpretation of those contracts, which is a question of law properly resolved on a motion to dismiss, reveals that the MRUA is not a lease for Washington D.C. spectrum and, accordingly, does not implicate or breach Nextel's rights under the ARA.

Because HITN's Motion to Dismiss does not rely on matters beyond the First Amended Complaint, Nextel cannot even credibly argue that the Court should covert the motion to one for summary judgment. Indeed, Nextel's argument appears to confuse a motion to dismiss with a motion for summary judgment. When a summary judgment motion is made prior to the close of discovery, opponents commonly argue that they can raise a genuine question of fact if given the opportunity to take discovery. That same argument does not wash at the motion to dismiss stage, when it is incumbent on the plaintiff to plead facts sufficient to state a valid claim for relief *before* taking discovery. That unremarkable proposition is a basic premise of procedural law

---

[1] Instead Nextel asserts that it cannot know the "full extent" of HITN's alleged breach of the ARA without further discovery. (Opp'n at 6) But on the face of the complaint, Nextel does not even allege that any of these other agreements constitute an "offer to lease" the Washington D Channels -- the only type of agreement that could even arguably amount to a breach of the ARA. As Nextel recognizes in the First Amended Complaint, the ARA provides that HITN is prohibited from accepting "any *offer to lease* excess capacity [on the Washington D Channels spectrum] that includes terms or conditions that have the purpose or the effect of preventing [Nextel] from exercising its Right of First Refusal." (First Am. Compl. ¶ 58; ARA at 2 (emphasis added)) Nextel has not alleged, nor can it, that any of these agreements was such an offer.

that is even more obvious now that the Supreme Court has adopted a new, stricter pleading standard in *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In *Twombly*, the Court rejected the long-standing maxim that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1968-69. Instead, the Court held that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) must be granted where the plaintiff fails to put forth sufficient factual allegations to demonstrate the "plausibility" of its claim. *Id.* at 1966.

### III.     HITN Has Met Its Burden.

Nextel's conclusory assertion that HITN has failed to meet the standards of Rule 26(c) to support the discovery stay is meritless.

To begin with, Nextel's discussion of the case law is misguided. In its opening memorandum, HITN referred to two cases from this jurisdiction that are squarely on point and leave no doubt that HITN is entitled to a temporary and limited stay of discovery. *See, e.g. Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending"); *Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, Civ. A. No. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (granting discovery stay while motion to dismiss was pending because case was in its early stages, no prejudice had been alleged, and stay would only be for a "limited period of time.").

Rather than address those cases, Nextel cites to seven other cases (*see* Opp'n at 2-3), only two of which are from this jurisdiction. Even then, the cases relied upon by Nextel are readily distinguishable. For example, in *Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997), the Middle District of Florida denied a stay of discovery pending a motion to dismiss because the

6

motion was not case dispositive and the matters subject to discovery were relevant to parallel proceedings pending in Delaware. Neither of those considerations is present here. HITN's motion is case dispositive as it seeks dismissal of the one and only claim asserted in the First Amended Complaint. And, unlike *Feldman*, there are no related, parallel proceedings.

Similarly, the two cases from this jurisdiction on which Nextel relies do not support denial of HITN's motion for a limited stay of discovery. The first case, *Campbell v. United States Dep't of Justice*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002), concerned the FBI's request for a protective order with respect to limited discovery ordered pursuant to a FOIA request. In rejecting the motion for the protective order, the court noted that the FBI's assertion of burden in conducting a hand search through manually-stored files had no relation to the actual discovery request presented, thus the FBI had failed to establish good cause for the protective order. *Id.* at 14. In so ruling the court specifically noted that "[i]n assessing good cause, a district court must exercise its discretion in light of the relevant facts and circumstances of the particular case." *Id.* at 7 (citing *Tavoulareas v. Washington Post Co.,* 111 F.R.D. 653 (D.D.C. 1986) (in turn applying *Nixon v. Warner Commc'n, Inc.,* 435 U.S. 589, 599 (1978)).

The other case, *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1411 (D.C. Cir. 1996), did not even involve a motion to stay discovery. That case concerned a motion to seal a consent decree, trial record and depositions. *See id.* at 1408. On appeal, the court rejected appellant's argument that in order to issue a protective order a trial court must find a showing of a "concrete threat" to an important interest, but held instead that a lesser showing of "good cause" must be made. *Id.* at 1411. The court found that the trial court had not made an appropriate record for appeal with respect to "good cause" shown and thus remanded for that purpose. *Id.*

At most, *Campbell* and *National Children's Center* merely support the notion that a motion to stay discovery must be based on a showing of "good cause" under the facts and circumstances. Fed. R. Civ. P. 26(c). HITN has established "good cause" for a limited and temporary stay of discovery here.

<u>First</u>, if successful, HITN's Motion to Dismiss will dispose of this entire case with prejudice. And, given the nature of the claim for relief, which boils down to a straightforward legal question of contract law, there is good reason to believe that the motion will be decided promptly and in HITN's favor.

<u>Second</u>, this case is in its initial stages and HITN is not trying to delay or evade discovery altogether. To the contrary, HITN has participated in a Rule 26(f) conference with Nextel. HITN worked with Nextel in preparing and timely filing a Rule 16.3 Report, in which HITN noted that the discovery schedule was "[s]ubject to Defendant's reservation of its right to seek to stay some or all discovery." Rule 16.3 Report at C. And, HITN has exchanged Rule 26(a)(1) disclosures with Nextel. In fact, HITN served its disclosures before Nextel.

<u>Third</u>, Nextel has not and cannot show that it will be prejudiced by the relief requested. To the contrary, given Nextel's conduct to date, which included a prompt filing of an amended complaint once HITN moved to dismiss followed by service of interrogatories and document demands ten days after HITN moved for a stay, the Court should have some concerns about Nextel's motives. Nextel knows that its case has a short shelf-life and yet is using this case as a vehicle by which it can take discovery with respect to Clearwire, one of its main competitors. In the meantime, HITN is stuck in the middle. In short, the prejudice to HITN of having to engage in expensive, time consuming and intrusive discovery while its well-taken Motion to Dismiss is

pending clearly outweigh the prejudice, if any, to Nextel of having to wait for this Court's ruling before engaging in more exhaustive discovery.

## CONCLUSION

For the foregoing reasons and those expressed in HITN's opening memorandum, HITN respectfully asks the Court to enter the Proposed Order issuing a stay of discovery pending resolution of HITN's Motion to Dismiss.

Dated: July 9, 2007

Respectfully submitted,

*/s/ David R. Dempsey*

David R. Dempsey (DC Bar #502615)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200

William H. Pratt
Joseph Serino, Jr.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Rudolph J. Geist (DC Bar # 461064)
RJGLAW LLC
1010 Wayne Avenue, Suite 950
Silver Spring, MD 20910
Telephone:  (301) 589-2999
Facsimile:   (301) 589-2644

*Attorneys for Defendant Hispanic Information and Telecommunications Network, Inc.*