## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEXTEL SPECTRUM ACQUISITION CORP., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:07-CV-00543-RMC |
| vs. | ) ) | Judge Rosemary M. Collyer |
| HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC., | ) ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT HITN'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE, ALTER OR AMEND JUDGMENT DISMISSING FIRST AMENDED COMPLAINT

Still unwilling to accept the fact that its Right of First Refusal ("ROFR") in the Airtime Royalty Agreement ("ARA") was a very limited one that, by its terms, expired over six months ago without ever being triggered, Nextel moves this Court, pursuant to Rule 59(e) to reconsider its August 29, 2007 Order granting HITN's motion to dismiss with prejudice because, Nextel contends, the Court made clear errors of law.  In doing so Nextel rehashes old arguments already presented to this Court and develops theories that could have been presented before this Court ruled on HITN's motion to dismiss.  Such arguments only serve to waste this Court's time and resources and are not proper in a Rule 59(e) motion.  Moreover, as explained below, none of Nextel's arguments could alter this Court's conclusions with respect to the unambiguous language of the ROFR provision.

Because Nextel has failed to satisfy the "stringent" Rule 59(e) standard, as Nextel itself acknowledges, its motion for leave to amend its complaint under Rule 15(a) should also be denied.  But even if Nextel could show "extraordinary circumstances" that would justify Rule

59(e) relief -- and it cannot -- its motion for leave to file yet another amended complaint should be denied because the amendment would be futile. Nextel does not allege, nor can it, that the proposed Second Amended Complaint's additions -- including allegations concerning what happened after the Court's Order and the reorganization of the claims already asserted in the First Amended Complaint -- could withstand Rule 12(b)(6) dismissal on the same bases urged by HITN.

## BACKGROUND

On March 26, 2007, HITN moved this Court to dismiss Nextel's complaint[1] with prejudice for failure to state a claim under Rule 12(b)(6). In particular, HITN's primary argument was that pursuant to Section I.C.1 of the Airtime Royalty Agreement ("ARA") between Nextel and HITN only leases that would commence within the two-year period following expiration of the ARA could trigger the ROFR, and the complaint failed to allege any such lease. (Docket # 3, MTD Mem.)

In its opposition brief, Nextel argued that HITN had breached the ROFR in "at least two ways" including (1) by denying it the ability to exercise its ROFR and (2) by entering into separate agreements with Clearwire that had the "purpose and effect of preventing [Nextel] from exercising the ROFR." (Docket # 5, Opp'n to MTD at 1) With regard to its first argument, Nextel asserted that the ARA specified two different circumstances that triggered the ROFR: when HITN wished to enter into a lease that would commence within the two-year period following expiration of the ARA, and when HITN wished to enter into any other type of lease of the spectrum, "whenever such a lease would be effective, provided, however, that the offer was made during the ROFR [period]." (*Id*. at 2-3) Nextel asserted at that time that the Master

---

[1] References to the "complaint" are to the First Amended Complaint filed by Nextel on May 14, 2007.

Royalty and Use Agreement between HITN and Clearwire ("MRUA") violated the ROFR because it was entered into during the ROFR period and created a binding option or a "commitment" to lease the Washington D Channels at some point in the future.

In its reply, HITN made the threshold argument that Section I.C.1 of the ARA which described the ROFR could only be read to apply to *leases* of the Washington D Channels that would commence during the two-year ROFR period and not, as Nextel asserted, to any *offer* to lease received during that time regardless of when the lease would commence.  (Docket # 7, MTD Reply at 4-5)  As such, HITN asserted, neither the MRUA nor any other alleged agreement between HITN and Clearwire could trigger the ROFR because none was alleged to be a lease that actually commenced during that critical time period.[2]

This Court held a hearing on HITN's motion to dismiss on August 16, 2007 in which both parties were given ample opportunity to present their arguments.  In particular, the Court specifically inquired and heard argument about, *inter alia*, the parties' different interpretations of Sections I.C.1, I.C.2 and I.C.3 of the ARA.   On August 29, 2007 this Court issued a Memorandum Opinion and Order granting HITN's motion to dismiss with prejudice, *see Nextel Spectrum Acq. Corp. v. HITN*, No. 07-543, 2007 WL 2446213 (D.D.C. Aug. 29, 2007), and on September 13, 2007 Nextel filed the present motion for reconsideration and for leave to amend.

## ARGUMENT

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower,* 439 F.3d 755, 758-59 (D.C. Cir 2006) (quoting *Firestone v. Firestone*, 76 F. 3d 1205, 1208 (D.C. Cir.

---

[2] HITN went on to explain that even if Nextel could get over that threshold problem, the MRUA was not a binding option or a commitment to lease the Washington D Channels to Clearwire.  HITN also established that the MRUA did not violate Section I.C.3 of the ARA for these same reasons.

1996) (*per curiam*) (internal quotations omitted). In this Circuit, such motions are "not routinely granted." *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996); *see also Mobley v. Cont'l Cas. Co.,* 405 F. Supp. 2d 42, 45 (D.D.C. 2005) ("A motion for consideration...will not lightly be granted."). In fact, "[m]otions under Fed.R.Civ.P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Significantly, Rule 59(e) motions should not be granted if "the losing party is using the motion as an instrument for arguing the same theory or asserting new arguments that could have been raised prior to final judgment." *Does v. Bush*, No. 05-313, 2007 WL 2007614, at *1, (D.D.C. July 11, 2007); *see also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."). And such motions will be readily denied "where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings." *Kattan by Thomas v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *see also Jeffers v. Chao*, No. 03-1762, 2005 WL 1432374, at *5 (D.D.C. June 14, 2005) (Collyer, J.) ("[A] Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier.") (*citing Hicks v. United States*, No. 99-5010, 199 WL 414253, (D.C. Cir. May 17, 1999)); *Turkmani v. Repub. of Bolivia*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002) (a Rule 59(e) motion is not intended to afford a litigant a "second bite at the apple.")

Nextel does not contend there has been "an intervening change of controlling law" or any "new evidence" but instead urges this Court to vacate, alter or amend its ruling based on Rule

59(e) because the Court committed "clear errors of law." (Mot. at 1)  As explained below, Nextel has not met its burden under Rule 59(e).[3]

**I.     The Court Correctly Found That The ARA Was Unambiguous And Nextel's Rehashing Of Old Arguments And Development Of New Arguments Are Impermissible Bases To Seek Rule 59(e) Relief.**

In this Court's Memorandum Opinion it specifically found that "the plain meaning of the contract is unambiguous." *Nextel*, 2007 WL 2446213, at *3.[4]  Nextel now completely changes course and for the first time asserts in its Rule 59(e) motion that the contract is instead ambiguous, and then argues, again, that even if the contract is unambiguous, the Court's analysis of the ROFR language of the contract is wrong.  Each of Nextel's arguments is meritless.

**A.     Nextel's New Argument That The ROFR Language Is Ambiguous Could Have Been But Was Not Presented To This Court Prior To Its Decision.**

In a last ditch effort to save its case, Nextel for the first time argues that it "does not agree that the ROFR language is unambiguous." (Mem. at 10)  Nextel had at least two opportunities to make this claim before this Court came to its own conclusion in its Order.  As noted in HITN's reply memorandum in support of its motion to dismiss, Nextel in its opposition did not argue that the terms of the MRUA or ARA are ambiguous. (Docket # 7, MTD Reply at 3 n. 1)  And Nextel did not seek leave to file a sur-reply to correct that statement in HITN's reply brief.  Second, in open court, HITN's counsel again informed the Court that "the parties agree that the ROFR language is unambiguous" and "[n]obody's arguing that it's ambiguous." (8/16/07 Tr. at 4:22-4:24)  Again, Nextel's counsel said nothing in response to this statement and instead focused on

---

[3] Nextel cites to two opinions, one from the 11th Circuit and one from the Middle District of Alabama, for the proposition that "the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low.'" (Mem. at 7)  These cases are not persuasive authority and predate the Supreme Court's ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

[4] Perhaps out of desperation, Nextel misleadingly cites to the court record in this case.  For example, citing to the hearing transcript, Nextel states that this Court noted that the ARA "is hardly the picture of clarity." (Mem. at 6)  However, the Court actually said the opposite: the Court's exact words in the transcript portion cited are: "I'm not sure since this *is such clear language…*" (8/16/07 Tr. at 30:9) (emphasis added).

explaining to the Court how it would interpret the relevant language. Such differing interpretations does not render the language ambiguous. *See Holland v. Hannan*, 456 A.2d 807, 815 (D.C. 1983) ("Contracts are not rendered ambiguous by the mere fact that the parties do not agree upon their proper construction."). Simply put, Nextel has all along contended that its interpretation is the better one but that alone does not render the language ambiguous. Nextel should not be permitted to change its mind after the Court has issued its Order. *See Cooper v. Dep't of Justice*, No. Civ. A. 99-2513, 2005 WL 670296, at *3, (D.D.C. Mar. 22, 2005) (denying motion to dismiss where "[a]pparently not wanting the sun to set on his case, the plaintiff continues to request additional bites at the juridical apple.").

Despite its previous silence on the issue, Nextel suggests that, in fact, it has all along believed the language to be ambiguous because in its Opposition to HITN's Motion to Stay Discovery, Nextel stated that the motion for a stay should be denied because it needed discovery in order to defend against HITN's motion to dismiss. (Mem. at 10) This does not equate to a statement that the language in the ARA is ambiguous. In addition, as noted in HITN's reply in support of the motion to stay, Nextel only made this argument when confronted with the motion to stay, and not in response to HITN's motion to dismiss. (Docket # 15, Stay Reply at 4-6) And Nextel did not state then, as it implies now, that it needed discovery in order to resolve ambiguity in the ARA language; instead it stated it needed discovery in order to "uncover the full extent" of HITN's alleged breach of the ARA. (Docket # 14, Stay Opp'n at 6)

In any event, even if Nextel now believes that the ARA language is, in fact, ambiguous it is an issue for the Court to decide as a matter of law, regardless of whether the parties agree on its ambiguity. *See Holland*, 456 A. 2d at 815; *see also Lumpkins v. Locksmith*, 911 A.2d 418, 422 (D.C. Cir. 2006) ("Whether a contract is ambiguous is a question of law."). As this Court

correctly noted, "a contract is ambiguous when, and only when, it is, or the provisions in controversy are, reasonably or fairly susceptible of different constructions or interpretations, or of two or more different meanings." *Nextel*, 2007 WL 2446213, at * 3 (citing *Burbridge v. Howard Univ.*, 302 A.2d 245, 247 (D.C. 1973)).[5] Nextel has asserted nothing in this motion that shows that the Court clearly erred as a matter of law in finding the ARA language to be unambiguous.

### B.    Nextel's Construction Of The ROFR Language Was Previously Argued And Rejected.

Unfazed by this Court's rejection of its arguments regarding the interpretation of the ROFR language urged the first time around, Nextel reargues and refines those same arguments in this Rule 59(e) motion. In doing so it impermissibly wastes this Court's and the parties' resources. *See Mekuria v. Wash. Metro. Area Transit Auth.*, 45 F. Supp. 2d 19, 31 n.10 (D.D.C. 1999) (threatening sanctions for "frivolous motions which merely waste everyone's time by repeating arguments which have already been rejected.").

First, Nextel's argument that this Court erred by applying the last antecedent rule to support its finding that a lease only triggers the ROFR when it commences prior to February 21, 2007 was previously made and rejected by the Court. (Mem. at 12-13) In fact, in its motion to dismiss reply brief and at oral argument HITN's counsel noted the last antecedent rule and how it supports HITN's reading of the relevant language (*See* Docket # 7, MTD Reply at 4; 8/16/07 Tr. at 7:12-7:15) In response, Nextel's counsel argued its position that I.C.2 "is the only place where it is explicit that the coverage of that paragraph deals with leases to commence within two

---

[5] Nextel cites to *Davis v. Chevy Chase Fin., Ltd.*, 667 F.2d 160, 169 (D.C. Cir. 1981) for the proposition that courts should be "reluctant" to dismiss cases involving the interpretation of contracts. (Mem. at 10) But the *Davis* court also noted that where "the dispositive issue involves the construction of a contract, summary judgment may be appropriate if the provisions of the contract are unambiguous." This is such a case.

years" and that that is "pretty good evidence of the intent of the drafters within the scope of the four corners of the document, that paragraph one is a broader obligation." (8/16/07 Tr. at 24:18-25:11) Because these arguments were already briefed and argued they should be rejected for this reason alone. A Rule 59(e) motion is not a sur-reply or a second chance for an attorney to come up with what it feels are better arguments. [6]

But even if this Court were to consider Nextel's newly-minted argument that under its own interpretation, "the phrase that is modified by the limiting language is the whole phrase 'bona fide offer to lease' rather than simply the word 'lease'" (Mem. at 12-13), this different interpretation does not render the language ambiguous as Nextel asserts. *See Holland*, 456 A.2d at 815. And, the argument still does not support a reading that simply an offer during that time triggers the ROFR because under the Rule of Last Antecedent the word "lease" still is found directly before the word "during" and does not change the Court's analysis. *See Perkins v. D.C. Bd. of Zoning Adjustment*, 813 A.2d 206, 211 (D.C. 2002) Moreover, even if one were to consider whether the entire phrase "bona fide offer to lease" should be read as being modified by the word "during," as Nextel urges, that interpretation makes little sense. As the *Perkins* case noted, under the Rule of Last Antecedent, the "placement of the qualifying phrase is not all controlling" and "consideration must also be given to the context and intent of the language." *Id.* at 212. As noted by HITN at the hearing, Nextel's argument defies both common sense and the plain language of the entire section: one cannot make "bona fide offers" which commence and/or

---

[6] Nextel now argues the Court erred because "first and foremost" it should have "attempt[ed] to ascertain the intent of the parties." (Mem. at 12) But, "[w]hile it is commonly said that contracts are to be construed to effectuate the intent of the parties, where a contract is unambiguous, intent is properly an objective, not subjective, issue." *Washington Props., Inc. v. Chin Inc.*, 760 A.2d 546, 548 (D.C. 2000). Here, "[w]here the language of a contract is clear and unambiguous on its face, a court will assume that the meaning ordinarily ascribed to those worlds reflects the intentions of the parties." *Mesa Air Group, Inc. v. Dept. of Transp.*, 87 F.3d 498, 503 (D.C. Cir. 1996) (quoting *NRM Corp. v. Hercules Inc.*, 758 F.2d 676, 681 (D.C. Cir. 1985)).

run "during any or all of" a two-year period; but leases can commence and/or run "during any or all of" a two-year period.

Second, Nextel's new argument regarding the clause in Section I.C.2 that reads "[s]uch notice must be given one year prior to expiration of the contract" (Mem. at 13) should be rejected because it was previously argued or could have been argued prior to this Court's order. In fact, in HITN's reply brief in support of its motion to dismiss it made the argument that this clause supports its reading of the ROFR provision. (Docket # 7, MTD Reply at 5)  And at oral argument, the Court specifically asked Nextel's counsel how he would "read the last sentence in paragraph two, the one that says such notice must be given one year prior to expiration of the contract?"  (8/16/07 Tr. 25:12-25:14)  Nextel's counsel responded then by noting that "that's an interesting point," that he "[doesn't] know what it says other than what it says" and that "[t]he University's negotiations if they're going to start must be in that context."  (*Id.* at 25:15-25:19)  Nextel's unpersuasive attempt now to supplement or tweak this argument is not permitted in a Rule 59(e) motion.  *See Turkmani*, 273 F. Supp. at 50 (a court's decisions are "not intended to be mere first drafts, subject to revision and reconsideration at a litigant's pleasure.") (citation omitted)  Indeed, "do-overs" are not permitted under Rule 59(e).

Moreover, the argument lacks merit.  Nextel now argues that the last phrase of  I.C.2. applies only to that sub-section and to leases that actually commence within the two-year period. It asserts that this last phrase cannot be read to support the Court's ruling because Section I.C.2 does not use the terms "offer to lease" and does not alter or amend the definition of "Right of First Refusal" which is found in Section I.C.1.  Nextel also asserts that a totally separate section of the ARA (never before mentioned by Nextel), Section XIII.B, supports its interpretation of Section I.C.2.  (Mem. at 13-14)  But the Court already considered and properly rejected the

notion that Section I.C.2 could be read as separate from the rest of the ROFR provisions under Section I.C and for good reason: as Nextel itself recognizes, "a cardinal principle of contract interpretation is that the court read a contract to give meaning to all of its provisions and to render them consistent with each other." (*Id.* at 15) The entire section flows from Section I.C.1, which makes clear that the only offers that can trigger the ROFR are those offers regarding leases that *commence* during the two-year ROFR period. There is nothing to suggest by its placement, language or otherwise, that Section I.C.2, including the last phrase therein, was meant to apply only to a subset of offers different from the rest of the section. In fact, Nextel implicitly acknowledges the absurdity of its argument, recognizing that if the Court were to accept its interpretation of the last phrase of I.C.2 the result would be that Section I.C.2 "suffers from unfortunate placement" (*Id.* at 14)

### C.    Nextel's Argument That The MRUA And Other Agreements Violated The ROFR Because They "Committed" The Washington D Channels To Clearwire Was Previously Argued And Rejected.

Nextel asserts in the present motion that the Court erred in its ruling because even if the Court is correct that only an offer for a lease that would commence during the ROFR period would trigger that right, the MRUA and the other agreements alleged in the complaint (which Nextel refers to collectively as the "Clearwire Offer") did trigger the ROFR because these agreements were entered into during the ROFR period and they "committed" the Washington D Channels to Clearwire. (Mem. at 15) Nextel has been down this road before: this is the exact argument it made in response to HITN's motion to dismiss and at oral argument (*See* Docket # 5, MTD Opp'n at 7-12; 8/16/07 Tr. at 18:2-19:1), and thus it is an improper basis for Rule 59(e) relief. *See Sieverding v. Am. Bar Assoc.*, 239 F.R.D. 288, 290 (D.D.C. 2006) (motion for

reconsideration denied because plaintiffs' motion was "little more than a rehash of the arguments already raised in the briefs submitted to the court.") (internal quotations omitted) [7]

At oral argument, Nextel's counsel asserted its belief that there was an obligation or commitment of the Washington D Channels to Clearwire and the Court specifically noted that "the question is and it's one of the temporal nature of the right of first refusal and whether or not there's any evidence that HITN leased any spectrum that was on the D.C. Spectrum that your client was using to take effect during that two year period." (8/16/07 Tr. at 15:12-15:24)  Based on this discussion, the Court correctly rejected Nextel's argument because, as explained by HITN in its briefing and at oral argument, by its terms the ROFR *only* extends to leases that commence during that period and Nextel has not alleged in its complaint, nor can it, that any of those agreements is a lease that commenced during the ROFR period.  Moreover, to the extent that spectrum was leased during that two-year period, and it was not, the lease would have had to been filed with the FCC and would be a matter of public record of which the Court could take judicial notice.  Rest assured that, if such a lease had occurred, Nextel would have included that fact in its complaint.  It did not do so. [8]  It is for this reason that Nextel's assertion that the Court committed error by finding that HITN did not "lease excess spectrum capacity for any period between February 21, 2005, and February 21, 2007" is wrong.  (Mem. at 16)  Nextel did not

---

[7] Nextel misleads the Court by claiming, without any reference or citation, that "HITN readily admits [the MRUA] granted Clearwire an 'option' to lease the DC Spectrum." (Mem. at 5)  This is not so.  In fact, in its motion to dismiss, HITN argued against such a proposition and affirmatively stated that "the MRUA is *not* an option to lease the Washington D Channels that are the subject of the ROFR." (Docket # 7, MTD Reply at 2 (emphasis in original); *see also* Mem. at 8-11)

[8] Nextel claims that [t]here is no doubt that HITN and Clearwire negotiated and entered into a series of lease agreements" that commenced during the ROFR period. (Mem. at 16)  Nextel alleged nothing of the sort.  Indeed, all it alleged, and all it could allege, was that these agreements somehow committed to lease that spectrum to Clearwire. But none of those agreements are alleged to be leases that in fact commenced during the two-year period.

11

allege in its complaint that a lease commenced during this period and it is a matter of public record that it did not.[9]

**D.    Nextel's New Arguments About The Purpose And "Practical Effect" Of A ROFR Could Have Been Argued Before And Should Be Rejected.**

The Court should similarly reject Nextel's new arguments about the purpose of a ROFR in the telecommunications industry (Mem. at 18) and its belated response to the absurd results, identified by HITN, that would ensue should the Court accept Nextel's interpretation of the ROFR language. In essence, Nextel argues it should be entitled to prove with evidence that there is nothing absurd about the result it urges based on its reading of the ROFR provision, which would permit Nextel to match any offer made during the two-year ROFR period even if the lease were to commence 50 years from that point. (*Id.* at 19)  Nextel had ample opportunity to address these issues in open court and did so.  In fact,  Nextel specifically told the Court that "parties often enter into contractual arrangements which for business purposes are designed to preserve access without necessarily being there" and that they enter into such arrangements "because they have competitors who are ultimately competing with them for the same kind of business that operates on this kind of spectrum." (8/16/07 Tr. at 19:16-20:6)  Nextel's attempt now to seek reconsideration in order to prove to the Court that ROFRs such as the one Nextel believes existed in the ARA are "common" by "industry standards" is at best evidence that could have been presented before and should be rejected.  (Mem. at 19)  "Courts routinely deny Rule 59(e) motions where all relevant facts were known by the party prior to the entry of judgment and the party failed to present those facts." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001); *see also Indep. Petroleum Ass'n of Am. v. Babbitti*, 178 F.R.D. 323, 327 (D.C.

---

[9] In its proposed Second Amended Complaint, Nextel still does not and cannot make the assertion that any of these agreements was a lease that commenced during the period of February 21, 2005 through February 21, 2007.

Cir. 1998) (denial of Rule 59(e) motion was not an abuse of discretion when plaintiff's counsel

knew all relevant facts prior to entry of judgment and failed to assert them.).

## II.    The Court Considered All Of Plaintiff's Claims In Dismissing With Prejudice The First Amended Complaint.

Nextel claims the Court "erred in dismissing the First Amended Complaint in its entirety

without ruling on the second alleged breach of Section I.C.3." (Mem. at 9)  In particular, Nextel

argues that Count One of its First Amended Complaint for breach of contract contained

allegations regarding "at least two separate and independent breaches," and that this Court

"erred" by "not ruling on the alleged, second, distinct breach of Section I.C.3" (*Id*. at 6)  That

claim entails Nextel's assertion that HITN breached Section I.C.3 by entering into the MRUA

and other agreements because that Section "prohibits HITN from accepting any offer to lease

excess spectrum capacity when such offer 'includes terms or conditions that have the purpose or

the effect of preventing [Nextel] from exercising its Right of First Refusal.'" (*Id*. at 7-8)

This so-called "alternative" claim did appear in the initial complaint and First Amended

Complaint, but Nextel neglects to mention that it was briefed by the parties extensively and

discussed at oral argument. (Docket # 5, MTD Opp'n at 5; Docket # 7, MTD Reply at 7; 8/16/07

Tr. at 17:18-19:1; 29:11-31:4)  As explained by HITN's counsel at the hearing, this claim fails as

a matter of law because Section I.C.3 "presupposes that there was an offer to, an accepted offer

for a lease that would otherwise trigger the ROFR.  The kind of lease that would commence

between February of '05 and February of '07. That's not this case." (8/16/07 Tr. at 29:11-19)[10]

Thus, when this Court dismissed Nextel's one-count complaint, that arguably contained two

alleged breaches, it effectively rejected the claim based on Section I.C.3 as well.

---

[10] Instead, as HITN's counsel explained, that clause prohibits the situation wherein there is an offer to enter into a lease that would commence during the ROFR period but the offer is designed to contain terms that Nextel would be unable to match. (8/16/07 Tr. at 29:20-30:4)

Indeed, this claim could not survive the Court's order of dismissal, as Nextel suggests (*See* Mem. at 9, citing *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 218 (D.C. Cir. 1999), because the Court made the explicit threshold determination in its Memorandum Opinion that Section I.C.1 and the remaining ROFR provisions only applied to leases that would commence within the two-year ROFR period. Given that ruling, Nextel's claims regarding the applicability of Section I.C.3 cannot survive the motion to dismiss because, as noted above, none of the agreements it references in its complaint is alleged to be a lease that commenced during that period.[11]

**III.    The Court Did Not Violate Rule 12(b) In Dismissing The Case.**

Nextel contends this Court violated Rule 12(b) by relying on "factual assertions" that are "outside the pleadings" in ruling on HITN's motion to dismiss. (Mem. at 20)    In particular, Nextel argues the Court specifically relied on Rudy Geist's comments at the hearing on the motion to dismiss regarding the current status of the DC Spectrum at issue and that by doing so, this Court converted HITN's Rule 12(b)(6) motion into one for summary judgment without providing the parties with notice and an opportunity to supplement the record on those issues. (*See id.*) This argument is meritless.

First, the Court's ruling that "only an offer that met a certain standard would activate HITN's duty to give NAC the opportunity to match the offer" and the right was "never triggered" was based on the four corners of the ARA and the allegations in the complaint. In particular, Nextel did ***not*** allege in the complaint that the Washington D Channels were leased at any time during the ROFR period. The Court's mention in its Memorandum Opinion that "the

---

[11] Indeed, at oral argument Nextel affirmatively stated that each of the subsections within Section I.C is based on the definition of the ROFR as laid out in Section I.C.1. (8/16/07 Tr. at 31:11-31:17) By Nextel's own admission, therefore, the Court's determination that Section I.C.1 only covers leases that commence during the two-year ROFR period, applies equally to the defined term "Right of First Refusal" which appears in Section I.C.3.

parties informed the Court" that the "contested spectrum … lies fallow even yet" does not affect the analysis of the ARA language, nor could it, because the Court made the specific finding that the language is unambiguous. *See Butler v. Fairbanks Capital*, No. 04-0367, 2005 WL 5108537, at *3 (D.D.C. Jan. 3, 2005) ("The plain language of [Rule 12(b)(6)] indicates that a court should consider conversion only if it relies on the extrinsic information in reaching its decision.").

Second, even if the current status of the DC Spectrum was relevant to the Court's ultimate ruling regarding the unambiguous language of the ARA and the allegations in the complaint, and it plainly is not, whether any portion of the DC Spectrum has been leased is a matter of public record because such leases must be filed with the FCC.[12]  Thus, to the extent the lease status of the DC Spectrum was directly relevant to this Court's order, and it was not, the Court was permitted to take judicial notice of such facts without converting the motion to one for summary judgment. *See Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) (court could take judicial notice of tariffs that must be filed with the FCC which were not included in or attached to the complaint, without summary judgment conversion); *see also Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (court may take judicial notice of matters of a general public nature without converting the motion to dismiss into one for summary judgment.).

Also misguided is Nextel's argument that the Court lacked a "complete picture" to decide the motion because HITN and Clearwire entered into an agreement, and proceeded to file the necessary notices with the FCC, to consummate a lease for the Washington D Channels to

---

[12] The public nature of these leases is confirmed by the fact that Nextel knew almost immediately what occurred with the DC Spectrum *after* the Court issued its Order on August 29, 2007 because such transactions must be filed with and approved by the FCC.

Clearwire, *after* the Court's decision.[13]    The "complete picture" was composed of the four

corners of the ARA and the allegations in the complaint.    The fact that, after the ROFR period

expired, HITN proceeded to lease to Clearwire those channels does not and cannot alter the

Court's conclusions with respect to the unambiguous language of the ARA.    Indeed, this is

exactly what the ARA provided and contemplated:    HITN could use the spectrum itself during

the two years after the ARA expired or let it lay fallow during those two years before leasing it to

someone else.    But under either reading urged by the parties, HITN was not obligated to deal

exclusively with Nextel at any time *after* the two-year ROFR period had expired on February 21,

2007.    Indeed, as Nextel admitted in open court, "[a]fter the two years [under the ROFR] is

finished, [HITN was] free to solicit offers, receive them and there would have been no, nothing

obligated them contractually."    (8/16/07 Tr. at 23:23-23:25)

**IV.    Leave To Amend Should Be Denied As Futile Under Rule 15(a).**

Where, as here, a district court has dismissed a complaint with prejudice, a party can

amend its complaint under Rule 15(a) only by first prevailing on a Rule 59(e) motion to alter or

amend the judgment which is a "more stringent" standard. *Firestone v. Firestone*, 76 F.3d 1205,

1208 (D.C. Cir. 1996); *see also Jung v. Assoc. of Am. Med. Colls.*, 184 Fed.Appx. 9, 13 (D.C. Cir

2006) (not reaching the Rule 15(a) issue after affirming the district court's refusal to grant the

Rule 59(e) motion.).    For all the reasons stated above, Nextel has not shown that it has met the

standards for a Rule 59(e) motion.    Thus, Nextel's request for leave to amend must be denied.

---

[13] In its motion Nextel provides the Court with a new "timeline" which was not part of the record on HITN's motion to dismiss.    (*See* Mem. at 4-5)    There is no reason Nextel could not have asserted these alleged "facts" prior to the Court's Order, and, as addressed above, the factual assertions of what happened *after* the Court issued its rulings are not relevant.    Certainly, this is not a case where material facts existed prior to the motion to dismiss, but despite due diligence Nextel could not have known about those facts.    Nextel admits as much by moving solely with respect to the "clear error of law" prong of Rule 59(e) and not because of the "availability of new evidence." (Mem. at 6)

Moreover, Nextel's request for leave to amend would be unwarranted even if it did not first have to meet the stringent standards of a Rule 59(e) motion. While it is true that the decision to grant leave under Fed. R. Civ. P. 15 is discretionary, *see Banks v. York,* 448 F. Supp. 2d 213, 214 (D.D.C. 2006), and should be freely granted, it also true that leave should be denied when the proposed claim is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend under Rule 15(a) may be denied if amendment would be futile); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 2007) (same). "A proposed claim is futile if the claim would not survive a motion to dismiss", *see Buaiz v. U.S.*, No. 06-1313, 2007 WL 666468, at *1 (D.D.C. March 5, 2007) (Collyer, J.) (citing *Howard v. Evans*, 193 F. Supp. 2d 221, 226 n.2 (D.D.C. 2002)), and it merely "restates the same facts as the original complaint in different terms." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (*quoting* 3 MOORE'S FEDERAL PRACTICE § 15.15 [3] (3d ed. 2000)); *Willoughby*, 100 F.3d at 1003 (affirming district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

Nextel's motion for leave to amend its First Amended Complaint would be futile. *See Foman*, 371 U.S. at 182. Nextel states that its proposed amendment seeks to accomplish two things: (1) it "sets out additional factual allegations that occurred since the filing of the First Amended Complaint, including HITN's post Order assignment of the DC Spectrum and the subsequent lease of the DC Spectrum to Clearwire" and (2) it "sets out clearly defined, separate counts for each of HITN's alleged breaches of the Lease." (Mem. at 22) Significantly, Nextel does not state that either of these additions to the complaint will save it from dismissal under Rule 12(b)(6) for the reasons articulated by this Court in its Memorandum Opinion and Order. This is because neither addition can get around the inescapable conclusion that the four corners

of the ARA do not support Nextel's breach of contract claim in this case. Instead, Nextel asserts that leave should be granted in order to "support and advance" Nextel's claims and provide a "more complete picture" of the allegations that appeared in the First Amended Complaint. (Mem. at 22, 23) These purposes do not justify leave to amend under Rule 15.

First, as explained above, the additional factual allegation that HITN has now leased the Washington D Channels to Clearwire does not save the complaint from dismissal. Regardless of the accuracy of these claims, the lease entered into between Clearwire and HITN is not alleged to have, and could not possibly have, commenced within the period covered by the ROFR, February 21, 2005 through February 21, 2007.

Second, Nextel's reorganization of its breach of contract claim into three separate counts, which it readily admits were all alleged in the First Amended Complaint (*see* Mem. at 7 n.4), likewise does not save the complaint from dismissal under Rule 12(b)(6). Irrespective of their placement or arrangement in the First Amended Complaint, the Court considered each of these breach allegations and found that they failed to state a claim under Rule 12(b)(6). In particular, as explained above, contrary to Nextel's assertion now, the parties specifically briefed -- and the Court considered and heard argument on -- Nextel's claim that HITN breached its obligations under Section I.C.3 not to accept "an offer to lease excess spectrum capacity that includes terms or conditions that have the purpose or the effect of preventing [NAC] from exercising its Right of First Refusal." (*Id.* at 8) But the Court rejected the claim that the MRUA or any other agreement violated that provision because it made the threshold finding that only leases that in fact commence within the ROFR-period could trigger that clause. Nextel's First Amended Complaint and its proposed Second Amended Complaint contain no allegation that any lease commenced during that critical period. Nextel's latest attempt to break this claim out into a

separate count in the proposed Second Amended Complaint is purely cosmetic and cannot cure the fatal deficiency in the claim or avoid the express contractual language of the ARA.

## CONCLUSION

For the foregoing reasons, Nextel's Motion to Vacate, Alter or Amend Judgment Dismissing First Amended Complaint and its request for leave to file a Second Amended Complaint under Rule 15, should both be denied.

Dated: September 27, 2007                         Respectfully submitted,

                                                           /s/ David R. Dempsey

                                                     David R. Dempsey (DC Bar #502615)
                                                   KIRKLAND & ELLIS LLP
                                                   655 Fifteenth Street, N.W.
                                                   Washington, D.C.  20005-5793
                                                   Telephone:   (202) 879-5000
                                                   Facsimile:   (202) 879-5200

                                                   William H. Pratt
                                                   Joseph Serino, Jr.
                                                 KIRKLAND & ELLIS LLP
                                                 Citigroup Center
                                                 153 East 53rd Street
                                                 New York, NY 10022
                                                 Telephone:   (212) 446-4800
                                                 Facsimile:   (212) 446-4900

                                                   Rudolph J. Geist (DC Bar # 461064)
                                                 RJGLAW LLC
                                                 1010 Wayne Avenue, Suite 950
                                                 Silver Spring, MD 20910
                                                 Telephone:   (301) 589-2999
                                                 Facsimile:   (301) 589-2644

                                                 *Attorneys for Defendant Hispanic*
                                                 *Information and Telecommunications*
                                                 *Network, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXTEL SPECTRUM ACQUISITION CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:07-CV-00543-RMC |
| vs. | ) |
| | ) Judge Rosemary M. Collyer |
| HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion to Vacate, Alter or Amend Judgment Dismissing First Amended Complaint which also seeks leave to amend the complaint in this case, it is hereby ORDERED that Plaintiff's Motion and its request for leave to amend are both DENIED.

So Ordered this _____ day of _____, 2007.

_____
U.S. District Judge Rosemary M. Collyer

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Defendant HITN's Opposition to Plaintiff's Motion to Vacate, Alter or Amend Judgment Dismissing First Amended Complaint was caused to be served, via ECF, this 27th day of September 2007, to:

> Rodney F. Page
> BRYAN CAVE LLP
> 700 Thirteenth Street, N.W.
> Suite 700
> Washington, DC 20005-3960
>
> *Counsel for Plaintiff*

> /s/ David R. Dempsey
>
> David R. Dempsey (DC Bar #502615)
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, N.W.
> Washington, D.C. 20005-5793
>
> *Counsel for Defendant HITN*